IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRYSTAL L. COX,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 17-2556-JWL |
| ) | |
| **ANDREW M. SAUL,**[1] ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 15) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).  Plaintiff's motion is DENIED as untimely.

**I.   Background**

Plaintiff filed a Complaint in this court on September 21, 2017, seeking judicial review of a decision of the Commissioner of the Social Security Administration.  (Doc 1).  On July 25, 2018 this court reversed the Commissioner's decision and remanded in

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

accordance with sentence 4 of 42 U.S.C. § 405(g) for proper consideration of the stress of which Plaintiff is capable and which is present in the representative jobs relied upon. (Doc. 10).   On remand, the Commissioner issued a fully favorable decision on October 8, 2019.   (Pl. Mot. 2).   On June 28, 2020, the Commissioner issued a Notice of Award, showing past due benefits of $50,167.00 and explaining that the Commissioner withheld $12,541.00 for attorney fees.   Id., Attach. 2.   Plaintiff now seeks award of attorney fees of $12,541.75 pursuant to 42 U.S.C. § 406(b).   Id. at 2.

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).   However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,   . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The statute does not contain a time limit for fee requests. However, the court in McGraw recognized that although Federal Rule of Civil Procedure 54(d)(2)(B) requires that fee motions be filed "no later than 14 days after entry of judgment," such a requirement cannot be met in a sentence four remand of a Social Security case because judgment must be entered at the time of remand whereas "an SSA fee award will only rarely be calculable before the end of that fourteen-day period. McGraw, 450 F.3d at 504. The court discussed several possibilities to handle such a situation and determined that "the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." Id. at 505. It held that such a

4

motion "should be filed within a reasonable time of the Commissioner's decision awarding benefits." McGraw, 450 F.3d at 505 (citation omitted).

Two years later, the Tenth Circuit had the opportunity to address the question of a reasonable time for filing the fee motion. Early v. Astrue, 295 Fed. App'x 916 (10th Cir. 2008). In Early, the district court denied the plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) as untimely filed, and the plaintiff appealed. Id. at 917. Counsel in Early did not file the motion for fees until more than fifteen months after the favorable decision on remand and thirteen months after he received the Notice of Award. Id. at 918. Counsel argued that he waited to see the amount of fees awarded by the SSA so he could reduce his fee request accordingly, but the district court held that he "could have easily calculated his § 406(a) fees after he received the Notice of Award and that he had not filed his district court fee motion 'within a reasonable time of the Commissioner's decision awarding benefits' under McGraw." The Early court rejected counsel's objection to the district court's use of the issuance of the Notice of Award as the "triggering event" from which to consider a reasonable time and his argument that it was reasonable as a matter of law to wait till the SSA paid his fees for work before the agency before applying for fees before the district court, and held that the district court's "ruling was certainly not arbitrary, capricious, whimsical, or manifestly unreasonable." Early, 295 Fed. App'x at 919 (quotation omitted).

**III. Discussion**

Here, Plaintiff's attorney requests a fee award of $12,541.75. He included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits. (Pl. Mot., Attach. 1). Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 42.8 hours expended. Id., Attach. 3. In his motion for fees, counsel noted that he provided a copy of the fee motion to the United States Attorney's Office (USAO) on October 30, 2020, and was told they would forward it to the agency but that "[a]s of [March 6, 2021] there has been no further response by the Administration or the USAO." (Pl. Mot. 1).

The Commissioner filed a response to Plaintiff's Motion explaining "the Commissioner takes no position in this case, but rather he defers to the Court's [sic] sound discretion as to the reasonableness of the award requested," and noting "that since Plaintiff was also awarded $7,000.00 in attorney fees under the EAJA, Plaintiff's counsel must refund the lesser of the two fees to Plaintiff, as his motion reflects he will do." (Doc. 17, p.1) (citing Gisbrecht, 535 U.S. at 796).

**IV.   Analysis**

A request for attorney fees under § 406(b) must be made within a "reasonable time of the Commissioner's decision awarding benefits." McGraw, 450 F.3d at 505. The timeliness of the motion is measured from the date of the Commissioner's Notice of Award. Early, 295 Fed. App'x at 919. The timeliness requirement "ensure[s] that money rightfully due the claimant is not needlessly withheld for an excessive amount of time." Vasquez v. Berryhill, 2018 WL 4685567 at *3 (D.N.M. Sept. 28, 2018). The

determination whether a motion is considered timely is committed to the sound discretion of the district court. McGraw, 450 F.3d at 505.

In fleshing out this standard, courts in this circuit have held that "a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under § 406(b)(1) will be considered in terms of weeks or months, not years." Bernal v. Astrue, 611 F. Supp. 2d 1217, 1220 (N.D. Okla. 2009). Motions filed within one to three months of the Notice of Award routinely are found to be timely filed. See, e.g., Nevarez v. Berryhill, 2017 WL 3602020 (D.N.M. Feb. 24, 2017) (three months); Montalvo v. Colvin, 2016 WL 9724832 (D.N.M. Nov. 21, 2016) (two-and-a-half months); Correa v. Colvin, 2016 WL 10588077 (D.N.M. Mar. 30, 2016) (less than one month); Daubenshcmidt v. Colvin, 2015 WL 13651017 (D.N.M. Aug. 17, 2015), adopted, 2015 WL 13651267 (D.N.M. Sept. 9, 2015) (two-and-a-half months). Conversely, motions filed nine months or more after receipt of the Notice have been denied as untimely. See Early, 295 Fed. App'x. at 919 (thirteen months); Martinez v. Saul, 2021 WL 639569 at *3 (D.N.M. Feb. 18, 2021) (one year); Vasquez, 2018 WL 4685567 at *3 (twenty months); Schmidt v. Colvin, 2014 WL 2207973 at *2 (D. Kan. May 28, 2014) (nine months).

The Commissioner issued a Notice of Award as to Plaintiff's past-due benefits on June 28, 2020, more than eight months before the instant motion was filed. The motion clearly is untimely as measured from the date of that notice. Absent circumstances not shown to be present here, a lapse of more than eight months – months during which

Plaintiff was deprived of the use of benefits to which she otherwise was entitled – is prejudicial to her and therefore must be considered excessive.   See Martinez, 2021 WL 639569 at *4 ("[I]t must be remembered that this money is Plaintiff's money, withheld by the Commissioner from the award of past-due benefits owed to Plaintiff h[er]self.... An award of fees under these circumstances would therefore defeat the purpose of the timeliness requirement to ensure that money rightfully due the claimant is not needlessly withheld for an excessive amount of time.") (citing Schmidt, 2014 WL 2207973, at *2, internal quotation marks omitted).

Counsel does not provide the date of the Commissioner's Notice of Decision nor the date he or Plaintiff received the Notice of Award.   Counsel does not argue that there is a justifiable excuse for the apparently late filing for attorney fees in this case, but he does state that he provided a copy of his motion for attorney fees to the USAO on October 30, 2020, stating his intent to file the motion November 10, 2020.   (Pl. Mot. 1). Possibly, this statement is counsel's assertion that he attempted to consult with opposing counsel regarding statutory fees in accordance with the District of Kansas local rules.   D. Kan. R. 54.2.   However, the Federal Rules of Civil Procedure require that a motion for attorney fees be filed within 14 days of the entry of judgment, Fed. R. Civ. P. 54(d)(2) (within a reasonable time within the interpretation of the Tenth Circuit in McGraw) and, recognizing this, the local rule contemplates that the motion for attorney fees will be made without filing a memorandum in support, thereby allowing the parties to consult and, if the parties disagree, for the moving party to file the statement of consultation and

her memorandum supporting her fee request.   D. Kan. R. 54.2(d) & (e); see also, Sigmon v. Saul, Civ. A. No. 18-4049-JWL, 2019 WL 5067210 *2 (D. Kan. Oct. 9, 2019); Wells v. Berryhill, Civ. A. No. 16-2803-JWL, 2018 WL 1863898, *2 (D. Kan. April 18, 2018); Hennigh v. Colvin, Civ. A. No. 15-2684-JWL, 2016 WL 2989235, *1-2 (D. Kan. May 24, 2016); Marshall v. Colvin, Civ. A. No. 14-1336-JWL, 2016 WL 454816, *1-2 (D. Kan. Feb. 5, 2016).

Because the motion for attorney fees was provided to opposing counsel on October 30, 2020, it could have been filed with the court at the same time, four months after the Notice of Award and, although longer than three months, within a reasonable time.   Counsel's decision not to file his motion at that time, or even on November 10, 2020 as intended, resulted in Plaintiff's loss of the use of her money for an additional four months since he did not file the motion until March 6, 2021.   Counsel received an award of attorney fees in the amount of $7,000 pursuant to the Equal Access to Justice Act and will not be without remuneration for his service before this court.   (Doc. 14).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) is DENIED as untimely.

Dated April 2, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**